IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. W-24-CR-252-ADA-1 |
| § | |
| APRIL MARIE AKIN § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was found guilty of Count One: Conspiracy to Possess with Intent to Distribute, and to Distribute, 280 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, "Crack", in violation of 21 U.S.C. 841 (a)(1), 21 U.S.C. 841 (b)(1)(A), and 21 U.S.C. 846 Count Two: Aiding and Abetting the Possession with Intent to Distribute 28 grams or more of a Mixture and Substance Containing a Detectable Amount of Cocaine Base, "Crack", in violation of 21 U.S.C. 841(a)(1) 21 U.S.C. (b)(1)(B), and 18 U.S.C. 2.

The Court sentenced the defendant to 120 months as to count one and 87 months as to count two in the Bureau of Prison all to be served concurrently, followed by a five (5) year term of supervised release as to count one and count two all to be served concurrently. The defendant began her supervision on August 7, 2020. On February 25, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of her release and seeking a show-cause hearing as to why the defendant's supervised release should not be revoked. The petition alleges the defendant violated the terms of her release in the following instance:

> **Violation Number 1:** The defendant violated mandatory condition number 1, in that, the defendant shall not commit another federal, state, or local crime during the term of supervised release. On or about February 16, 2025, the defendant was intoxicated while operating a motor vehicle in a public place in violation of Texas Penal Code § 49.04, a Class B Misdemeanor.

## II. FINDINGS OF THE COURT

The Court held a hearing in this matter on March 18, 2025. At that hearing, Defendant pleaded no contest as to the violation. The petition contained a sufficient factual basis to support a plea of true.

1)  The defendant violated the conditions of her supervision as alleged in the petition.

2)  The defendant was competent to make the decision to enter a plea to the allegations.

3)  The defendant had both a factual and rational understanding of the proceedings against her.

4)  The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5)  The defendant has not had any injury that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.

6)  The defendant was sane and mentally competent to stand trial for these proceedings.

7)  The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8)  The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9)  The defendant understood the petition and the charges alleged against her and had the opportunity to discuss the petition and charges with her attorney.

10) The defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11) The defendant freely, intelligently, and voluntarily entered her plea to the allegations.

12) The defendant understood her statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's supervised release be continued. The defendant shall participate in a program of testing for alcohol abuse, as instructed by the probation officer, which shall include the use of a remote alcohol testing system for the remaining term of her supervised release. The defendant shall abide by the rules and regulations of the Participant Agreement Form. The defendant shall abide by a curfew restriction schedule for alcohol testing as instructed by the probation officer. The defendant shall pay for the costs of the program.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of March 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE