IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 6:24-CR-252-ADA |
| | § |
| APRIL MARIE AKIN | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
    UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The defendant was convicted of Conspiracy to Possess with Intent to Distribute, and to Distribute, 280 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine Base ("Crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and aiding and abetting in violation of 18 U.S.C. § 2. She was sentenced to eighty-seven (87) months imprisonment, followed by five (5) years of supervised release. The defendant was released to supervision on August 7, 2020.

On June 12, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision alleging that the defendant violated the terms of her supervision in the following ways:

> **Violation Number 1:** The defendant violated her special condition, in that on or about May 20 and June 3, 2025, the defendant failed to abide by the Remote Alcohol Testing Agreement with the Location Monitoring Program
>
> **Violation Number 2:** The defendant violated her special condition and mandatory condition number 3, in that on or about June 3, 2025, the defendant used an unlawful controlled substance, to wit: cocaine.

On July 1, 2025, the Court held a hearing on the petition. At that hearing, the defendant plead TRUE as to violation No. 1 and NO CONTEST as to violation number 2. The petition contained a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1 and NO CONTEST as to violation number 2.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of her supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 1 and NO CONTEST as to violation number 2.
3. The defendant had both a factual and rational understanding of the proceedings against her.
4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.
5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.
6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her pleas of TRUE as to violation number 1 and NO CONTEST as to violation number 2.

14. The defendant understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1 and NO CONTEST as to violation number 2.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that the defendant be sentenced to a term of imprisonment of sixty (60) days with no term of supervised release to follow and that she be given credit for the time she has already been in federal custody.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of July, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE